(102 P.3d 1190)
No. 91,423

HOWARD WAYNE BLUE, *Appellant*, v. JEANINE S. TOS, *Appellee*.

Opinion filed December 23, 2004.

*Britt Colle*, of McPherson, for appellant.

*Rebecca Hesse* and *Stanford J. Smith, Jr.* of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, for appellee.

Before GREENE, P.J., MARQUARDT, J., and BUKATY, S.J.

GREENE, J.: Howard Wayne Blue appeals the dismissal of his tort claim against Jeanine Tos, claiming that the district court erred in basing the dismissal on Blue's failure to commence his action within the applicable statute of limitations. We affirm.

*Factual and Procedural Overview*

Blue was injured on May 16, 2001, in an automobile collision allegedly caused by the negligence of Tos. Although not properly documented in the record, on October 29, 2001, a partial payment for property damage was made by Tos' insurer to Blue. On May 13, 2003, Blue filed his petition stating claims for relief against Tos, but counsel failed to request service of process on the defendant. On July 29, 2003, counsel for Blue appeared by telephone for a discovery conference and allegedly requested and received from an administrative assistant to the district court an extension of the 90-day period for service of process on the defendant, but no documentation exists to support this purported extension. On August 8, 2003, counsel for Blue made his first request for issuance of service of process, and on August 13, 2003, the petition was served at Tos' place of residence on Tos' 13-year-old son; the return of service indicated that service was made on "son Matt." No notice of this service was mailed to Tos as required by K.S.A. 2003 Supp. 60-303(d)(1).

On September 2, 2003, Tos filed a motion to dismiss pursuant to K.S.A. 60-212(b) arguing ineffective service of process resulting in the expiration of the applicable statute of limitations. On October 2, 2003, Blue mailed to Tos the notice of service required by K.S.A. 2003 Supp. 60-303(d)(1). After hearing arguments of counsel, the district court rejected Blue's plethora of arguments to save his action and granted Tos' motion, dismissing the petition. Blue appeals.

*Standard of Review*

To the extent that Blue's arguments require us to construe and apply statutes specifying the applicable limitations period, statutes providing for tolling of the limitations period, statutes outlining the requirements for commencing a civil action, and statutes specifying the manner and timing of service of process, we exercise unlimited review. See *Patterson v. Allstate Ins. Co.*, 31 Kan. App. 2d 919, 920, 75 P.3d 763 (2003).

*Did the District Court Err in Concluding that Blue Failed to Commence His Action Within the Applicable Statute of Limitations Due to Ineffective or Untimely Service on Tos?*

The parties agree that the applicable statute of limitations for Blue's claims is specified by K.S.A. 2003 Supp. 60-513(a)(4) as 2 years. Accordingly, the statute of limitations ran on Blue's action May 16, 2003. Although Blue filed his petition 3 days prior to this deadline, we must determine when the action was "commenced" by examining service of process on Tos. K.S.A. 60-203 provides:

"(a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1)."

The exact date an action is commenced is crucial in resolving statute of limitations issues. *Newell v. Brollier*, 239 Kan. 587, 588, 722 P.2d 528 (1986).

Blue did not initially request service of process on Tos and did not effect any service of process until August 13, 2003, when service was made on a minor at Tos' place of residence. Blue concedes that this was 92 days after the petition was filed, but initially argues that service was had within 3 months "which is interchangeable with 90 days." His rationale is that

"[i]t is a common fact, usage, and rule in various statutes and court cases that a 30 day period equates to 1 month, 60 days equates to 2 months, 90 days equates to 3 months, 120 days equates to 4 months, 180 days equates to 6 months, and 360 days equates to 1 year, etc. Penal statutes which are strictly construed in

difference to civil statutes which should be liberally construed commonly result in jail sentences where courts may interchangeable sentence a defendant to 90 days or three months, etc., in accordance with the Court's individual usage of the terms in a sentence. This applies to other monthly and daily periods as well where 12 months is interchangeably used with the term of 1 year. Service was had in this case within 3 months which is interchangeable with 90 days."

We disagree.

Where statutes require that an act be completed within a period expressly specified by a number of *days,* we decline to circumscribe the period by judicial construction with a rough equivalent in *months.* Blue cites no authority for his argument, and we note that K.S.A. 2003 Supp. 60-206 does not contemplate such a calculation and that numerous cases strictly construe the statutory period to complete an act without rough time equivalence. See, *e.g., Bain v. Cormack Enterprises, Inc.,* 267 Kan. 754, 756-57, 986 P.2d 373 (1999). We conclude that the district court did not err in rejecting this argument.

Blue next argues that the 90-day period for service was extended by oral motion to the court's administrative assistant. The district court found that no such extension had been granted and admonished counsel that such requests must be made to the court, not court staff personnel. We agree. Blue cites no statute, rule of general application, local rule, or local custom or practice to support the notion that an administrative assistant has sufficient authority to address an oral application for the 30-day extension contemplated by K.S.A. 60-203(a). The better practice if not the required procedure to request such an extension is by written motion pursuant to Rule 133 (2003 Kan. Ct. R. Annot. 185), with a ruling made by the court documented pursuant to Rule 134 (2003 Kan. Ct. R. Annot. 186). In any event, absent any record documentation to challenge the district court's negative finding, Blue's claim of error must fail. See *In re B.M.B.,* 264 Kan. 417, 435, 955 P.2d 1302 (1998).

Blue next argues that the "mailbox rule" of K.S.A. 2003 Supp. 60-206(e) extends his 90-day period by 3 additional days. The statute provides:

"(e) Additional time after service by mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period *after the service of a notice or other paper upon such party* and the notice or paper is served upon such party by mail, three days shall be added to the prescribed period." (Emphasis added.)

Again, Blue cites no authority for his argument that the statute is applicable to extend the 90-day period under K.S.A. 60-203(a). By its express terms, the mailbox rule has absolutely no application to statutory periods for a party to act unless that period is triggered by service upon such party by mail. We decline to construe and apply K.S.A. 2003 Supp. 60-206(e) in the manner urged by Blue, and we conclude that the district court did not err in rejecting this argument.

Blue next argues that the joinder in Tos' motion of the statute of limitations defense together with the challenge to sufficiency of service of process was impermissible and constituted a general entry of appearance and waiver of the insufficiency of service of process defense; therefore, because the motion was unaccompanied by an answer or request for additional time to plead, Blue argues that Tos was in default of Blue's petition.

This argument is inconsistent with both the statutory language and the fundamental procedure practiced in Kansas courts. K.S.A. 60-212 provides:

"A defendant shall serve such defendant's answer within 20 days after the service of the summons and petition. . . . The service of a motion permitted under this section alters these periods of time. . . .

"(b) How presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) Lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under K.S.A. 60-219 and amendments thereto. A motion making any of these defenses shall be made before a pleading if a further pleading is permitted. *No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.*" (Emphasis added.)

By its clear and·express terms, joinder of defenses in a motion pursuant to 60-212(b) is expressly permitted and precludes any

argument of waiver of those defenses. Here Tos merely joined her defense of insufficiency of service of process with her defense of failure to state a claim upon which relief can be granted due to the running of the statute of limitations. Such pleading is clearly contemplated by and fully consistent with K.S.A. 60-212. The district court did not err in rejecting this argument.

Finally, Blue argues in an incidental fashion that K.S.A. 60-203(b) is applicable to save his action. This statute provides:

"If service of process or first publication purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have been commenced at the applicable time under subsection (a) if valid service is obtained or first publication is made within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff." K.S.A. 60-203(b).

On appeal, Blue devotes two conclusory sentences to this argument and fails to demonstrate how the record supports the application of this statute. Accordingly, we deem the argument abandoned. *McKissick v. Frye*, 255 Kan. 566, 578, 876 P.2d 1371 (1994).

In summary, we agree with Tos, who concluded:

"Since service in this action was beyond the last day of the statute of limitation, plaintiff's action was commenced after the statute of limitations had expired. [Citation omitted.] Service of process was not obtained upon defendant within 90 days of filing the Petition. There was no request for extension of time to serve defendant within the 90 days that was documented in the file, as well as no documentation of any order of the court extending the 90 days. Plaintiff did not make a showing upon good cause as to why he should have received an extension of time to serve defendant. Plaintiff has made no showing of excusable neglect pursuant to K.S.A. 60-203(b) so as to deem the action commenced at the applicable time under K.S.A. 60-203(a). Plaintiff simply failed his burden to prove any facts sufficient to toll the statute of limitations; thus, plaintiff's action was barred."

*Should This Court Address Blue's Virgin Argument on Appeal that the Statute Was Tolled Pursuant to K.S.A. 40-275?*

Although never argued or supported before the district court, Blue argues on appeal that the statute of limitations was tolled pursuant to K.S.A. 40-275 due to the insurer's partial payment to Blue for property damages on October 29, 2001. K.S.A. 40-275 provides that the period fixed for the limitation of the commence-

ment of such actions shall commence on the date of the last payment or partial payment made by the opposing party or on the opposing party's behalf as an accommodation to an injured person. Blue therefore argues that the statute of limitations was tolled until October 29, 2001, and did not expire until October 29, 2003. The factual basis for this argument is not contained in the record on appeal but was appended to Blue's appellate brief. Prior to oral argument, this court denied his motion to supplement the record with this documentation.

Issues not raised before the trial court cannot be raised on appeal. *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003). Three exceptions have been recognized by the Kansas Supreme Court:

"(1) The newly asserted theory involves only a question of law arising on proved or admitted facts and which is finally determinative of the case; (2) questions raised for the first time on appeal if consideration of the same is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the judgment of the trial court may be upheld on appeal although that court may have relied on the wrong ground or assigned a wrong reason for its decision. [Citation omitted.]" *Smith v. Yell Bell Taxi, Inc.*, 276 Kan. 305, 311, 75 P.3d 1222 (2003).

Blue's newly asserted theory frames a question of law which is not based on proven or admitted facts. The evidence critical to support Blue's argument is contained solely in appendices to his appellate brief, and none is found in the record on appeal. "An appendix to an appellant's brief is merely for the court's convenience and is not to be considered as a substitute for the record itself." Rule 6.02(f) (2003 Kan. Ct. R. Annot. 35.)

Blue argues that we should address his new tolling argument because its consideration is "necessary to serve the ends of justice or to prevent denial of fundamental rights." We acknowledge that dismissal of Blue's claims for relief as being barred by the statute of limitations may seem harsh, but we have no alternative where the exclusive factual basis for the argument has not been properly pled, has not been subject to a complete response, has not been subject to an evidentiary presentation, has not been addressed by a district court, and is not in the record on appeal. See *In re Marriage of Brotherton*, 30 Kan. App. 2d 1298, 1300, 59 P.3d 1025

(2002); *Kenyon v. Kansas Power & Light Co.*, 17 Kan. App. 2d 205, 206, 836 P.2d 1193 (1992). Moreover, in assessing that which is "necessary to the ends of justice," we must weigh the harsh effect of a dismissal against the defendant's interests reflected in and embraced by statutes of limitation. Here, we find little reason to lay the delay in making this tolling argument at the feet of the defendant; the plaintiff was represented by counsel of his choosing, who deliberately elected to wait until nearly the last day to file the petition, elected to seek no service of process until the 90 days for commencement of the action had expired, failed to follow statutory procedure to perfect the belated service made, and failed to document or interpose the tolling argument until his appellate brief. See *Stark v. Mercantile Bank, N.A.*, 29 Kan. App. 2d 717, 724, 33 P.3d 609 (2000). Under these circumstances, we conclude that Blue's argument is not within one of the recognized exceptions to the rule that issues not raised before the trial court cannot be raised on appeal.

Affirmed.