NOT DESIGNATED FOR PUBLICATION

No. 114,833

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CLASSICO, LLC,
*Appellant*,

v.

UNITED FIRE AND CASUALTY COMPANY and KEVIN SMITH,
*Appellees.*

MEMORANDUM OPINION

Appeal from Johnson District Court; GERALD T. ELLIOTT, judge. Opinion filed December 16, 2016. Affirmed.

*Bryan W. Smith*, of Smith Law Firm, of Topeka, for appellant.

*John G. Schultz* and *Suzanne R. Bruss*, of Franke Schultz & Mullen, P.C., of Kansas City, Missouri, for appellees.

Before SCHROEDER, P.J., LEBEN and GARDNER, JJ.

*Per Curiam*: In August 2012, a fire broke out at one of Classico, LLC's properties, causing water, fire, and smoke damage. Classico had an insurance policy with United Fire and Casualty Company to cover the damages, but disputes about coverage quickly arose between the parties. At some point, Classico filed a lawsuit against United Fire and its employee, Kevin Smith, claiming (1) that United Fire had violated certain insurance statutes and had acted in bad faith and (2) that Smith had misrepresented certain facts, made false statements about Classico, and intentionally damaged Classico's business relationships with others.

In October 2014, United Fire and Smith moved that the district court grant summary judgment on Classico's claims, alleging that there were no material facts in dispute and that they were entitled to judgment without a full trial as a matter of law. The district court granted the summary-judgment motions of United Fire and Smith after determining that there was no legal right to sue for violating the insurance statutes or for the tort of bad faith and that Classico had failed to present evidence to prove the elements of its claims against Smith.

On appeal, Classico argues that the district court erred in granting summary judgment on its claims because many facts remained in dispute between the parties. But a court may properly grant summary judgment even when facts remain in dispute, so long as none of the facts in dispute are material, or relevant, to the claims. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 934, 296 P.3d 1106 (2013). And Classico failed to present sufficient evidence to establish that material facts were in dispute.

Classico also argues that the district court should have inferred a breach-of-contract claim based on Classico's amended petition and the pretrial order. But Classico did not raise that claim in the pretrial order, a choice that appears to have been an intentional one. The district court did not err in refusing to recognize an implied claim for breach of contract.

Classico further asserts that the district court abused its discretion in denying Classico's motion to amend the pretrial order to add a breach-of-contract claim a few weeks before trial. Under K.S.A. 2015 Supp. 60-216(d) and (e), the pretrial order controls the issues and evidence that may be raised at trial unless the court modifies it to prevent manifest injustice. The district court did not abuse its discretion in concluding that Classico had failed to show manifest injustice when Classico could easily have asserted

2

the claim earlier and when allowing the amendment would require the parties to reconsider and re-investigate their claims and defenses. See *State v. Seacat*, 303 Kan. 622, 634-35, 366 P.3d 208 (2016) (holding a district court abuses its discretion when its decision is based on an error of law or fact or when no reasonable person would take the view adopted by the court).

We therefore affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Classico, LLC, had an insurance policy with United Fire and Casualty Company. On August 21, 2012, a fire occurred at one of Classico's properties in Lenexa, Kansas, causing fire, smoke, and water damage. United Fire assigned Kevin Smith, an insurance adjuster, to assess the damage and extent of the company's liability.

Classico hired contractor Haren Laughlin to demolish the first and second floors and to repair the first floor. The parties also had Haren Laughlin prepare a bid for reconstructing the second floor of the building. United Fire claimed that one of Classico's owners, Augie Bogina, had told Smith that his contracting company would do the work on the second floor. Classico claimed that it had hired a former employee of Haren Laughlin, Jerry Dixon, who had started his own contracting firm and who had agreed to use Haren Laughlin's bid.

Several disputes arose between the parties. United Fire claimed that it had not received a bid from the contractor hired by Classico to perform the second-floor restoration, despite asking for it. United Fire eventually decided to base its payment for the second-floor restoration on Haren Laughlin's bid and issued Classico a check for $86,886.51 on November 15, 2012. Classico maintained that United Fire had

3

unreasonably delayed in paying the claim because United Fire had received Haren Laughlin's bid—the bid used by the contracting company—in August 2012.

The parties also disagreed about the extent of coverage under the insurance policy. Classico and United Fire disagreed about whether the City of Lenexa would have allowed the building to be rebuilt to its original configuration and whether the policy would cover the cost of architectural plans. Classico also requested additional payment for improvements to meet city code, but United Fire claimed that Haren Laughlin's original bid included the cost of those improvements and would not provide additional payment. Classico and United Fire additionally disputed how long United Fire was required to pay Classico for lost rents while repairs were being made to the second floor. United Fire declined to pay other costs that Classico requested, including certain roof repairs, cleanup costs, construction-management fees, and permit fees.

In November 2013, Classico filed a suit against United Fire. Classico claimed that United Fire had violated K.S.A. 40-2403, which prohibits insurance companies from engaging in unfair or deceptive practices, and K.S.A. 2015 Supp. 40-2404(9), which prohibits insurance companies from using unfair claim-settlement practices. Classico also claimed that "United Fire ha[d] ceased making payments of rental damages," had cancelled the insurance policy solely due to the fire claim, and had refused to work with Classico in resolving the claims under the policy. It also alleged that United Fire had violated the principles of good faith and fair dealing. In addition, Classico brought several claims against Smith, alleging that Smith had misrepresented facts, had made statements that hurt its reputation (defamation), and had made statements that intentionally damaged Classico's business relationships (tortious interference). Classico also requested attorney fees and interest on its claims.

United Fire denied that it was liable and filed a counterclaim for a declaratory judgment—or a ruling on the parties' rights and obligations—requesting the district court

4

determine the scope of coverage under the insurance policy and whether United Fire had satisfied its obligations under that policy.

In March 2014, the parties prepared and submitted a case-management order in which Classico agreed that its theories of recovery were defamation, intentional interference with business, violation of the Kansas Uniform Trade Practices Act and other insurance regulations, and provisions covering attorney fees and statutory interest. The parties held the pretrial conference, and the district court entered the pretrial order in September 2014. The purpose of a pretrial order is to control what legal and factual issues must be decided at trial and how the trial will proceed. *Bussman v. Safeco Ins. Co. of America*, 298 Kan. 700, 708, 317 P.3d 70 (2014). Although Classico raised 31 legal issues in the pretrial order, none of them were explicitly a claim for breach of contract.

In October 2014, United Fire and Smith filed a motion for summary judgment on Classico's claims that they had violated insurance statutes and regulations and had committed the torts of bad faith, negligent misrepresentation, defamation, and tortious interference with a business relationship. United Fire and Smith also claimed that Classico had failed to show it had suffered damages. Classico filed a response to the motion generally challenging United Fire and Smith's contentions.

The district court held a hearing on the summary-judgment motion on June 17, 2015, during which it heard argument on Classico's claims for bad faith, violation of the Kansas Uniform Trade Practices Act, negligent misrepresentation, defamation, and tortious interference with business relations. The district court granted the motion in a written ruling.

The district court held a second hearing on June 22, 2015, during which the court considered United Fire's motions for summary judgment and default judgment on its counterclaim for declaratory judgment. In the journal entry denying the motions, the

5

district court first noted that, "without request by defendant, [it] held that [Classico] had not preserved a claim of breach of contract in the Amended Petition or in the Pretrial Order." The court also determined that United Fire had not preserved its counterclaim for declaratory judgment in the pretrial order. At the conclusion of the journal entry, the court granted both parties permission to file a motion to amend the pretrial order to assert their claims. In response, United Fire chose to voluntarily dismiss its counterclaim for a declaratory judgment.

Classico filed a motion to amend the pretrial order to explicitly assert a breach-of-contract claim, contending that it had implied the claim in its petition and, alternatively, that prohibiting Classico from adding the claim to the pretrial order would be a *substantial injustice*. United Fire and Smith responded with a claim that the district court had no jurisdiction to consider the matter because all of the pending issues had been decided before Classico filed its motion and, alternatively, that Classico had not claimed or established that *manifest injustice* would require the court to modify the pretrial order. See K.S.A. 2015 Supp. 60-216(e) (providing the pretrial order may only be modified "to prevent manifest injustice").

After holding a hearing on the motion to amend the pretrial order, the district court denied the motion in a written ruling. The court held that Classico had failed to establish manifest injustice as required by statute. The court said that while some of the damages alleged by Classico *could* have been alleged as damages for breach of contract, Classico had not pled a breach-of-contract claim in its petition or amended petition and had not preserved a breach-of-contract claim in the pretrial order. The court noted that in deciding to deny the motion, it had weighed Classico's interest in adding the new claim against the prejudice United Fire and Smith would face if it amended the pretrial order less than 30 days before trial.

6

Classico filed a motion requesting the district court reconsider its denial of the motion to amend the pretrial order. But the district court reaffirmed its denial.

Classico has now appealed to this court.

ANALYSIS

I. *The District Court Did Not Err in Granting Summary Judgment.*

On appeal, Classico argues that the district court erred in granting summary judgment on its claims because the parties disagreed on material facts—or facts that were relevant to the outcome of the case.

Summary judgment is appropriate only when the pleadings and evidence presented to the court show that no material facts are genuinely at issue and that the party seeking summary judgment is entitled to judgment as a matter of law. The trial court must resolve all facts and inferences that may reasonably be drawn from the evidence in favor of the party against whom the ruling is sought. A party opposing the summary-judgment motion must come forward with evidence to establish a dispute about a fact that is material to the conclusive issues in the case. *Keiswetter v. State*, 304 Kan. 362, 365, 373 P.3d 803 (2016). On appeal, we apply the same rules. If reasonable minds could come to different conclusions based on the evidence, summary judgment must be denied. *Born v. Born*, 304 Kan. 542, 554, 374 P.3d 624 (2016). Because entry of summary judgment amounts to a question of law, an appellate court reviews the matter independently, with no required deference to the district court's decision. *Golden v. Den-Mat Corporation*, 47 Kan. App. 2d 450, 460, 276 P.3d 773 (2012).

On appeal, Classico generally argues that the district court should have not granted summary judgment because facts remained in dispute, citing several examples from the

7

defendants' motion for summary judgment and Classico's response to the motion. But a court may properly grant summary judgment even when facts remain in dispute, so long as none of the facts in dispute are material to the claims. See *Northern Natural Gas*, 296 Kan. at 934. "Stated another way, if the disputed fact, however resolved, could not affect the judgment, it does not present a genuine issue of material fact." 296 Kan. at 934. Therefore, we must analyze each of Classico's asserted claims to determine whether genuine material facts remain in dispute.

### (a) Bad-Faith Claim

The district court properly granted summary judgment on Classico's bad-faith tort claim after correctly concluding that Kansas law does not recognize a tort of bad faith as a valid reason to bring a lawsuit. Classico attempted throughout the lawsuit to raise a claim that the Kansas Supreme Court has not recognized under Kansas law. Both the district court and our court must follow our Supreme Court's decisions unless there is some indication it is departing from a previous position. *Hilburn v. Enerpipe, Ltd.*, 52 Kan. App. 2d 546, 554, 370 P.3d 428 (2016).

In *Spencer v. Aetna Life & Casualty Ins. Co.*, 227 Kan. 914, 926, 611 P.2d 149 (1980), our Supreme Court declined to recognize the tort of bad faith against an insurance company, reasoning that the legislature had created sufficient statutory remedies to protect the insured and that the insured could always sue the insurance company for breach of contract. Since bad faith is not a valid claim in Kansas, the district court did not err in granting summary judgment. See *Deeds v. Waddell & Reed Invst. Mgmt. Co.*, 47 Kan. App. 2d 499, 508-11, 280 P.3d 786 (2012) (affirming district court's grant of summary judgment after declining to create new causes of action).

In its amended petition and in the pretrial order, Classico acknowledged that the tort of bad faith was not recognized in Kansas but asserted that it was challenging the

8

holding in *Spencer* because Kansas did not have sufficient statutory remedies to protect the insured. Our Supreme Court has given no indication that it is abandoning the position taken in *Spencer*. See, *e.g.*, *Associated Wholesale Grocers, Inc. v. Americold Corp.*, 261 Kan. 806, 845, 934 P.2d 65 (1997) (noting Kansas does not recognize the tort of bad faith); *Patterson v. Allstate Ins. Co.*, 31 Kan. App. 2d 919, 922, 75 P.3d 763 (2003) (rejecting plaintiff's argument that *Spencer* is unconstitutional because the Court of Appeals is duty bound to follow Kansas Supreme Court precedent). The district court properly granted summary judgment against the bad-faith claim.

On appeal, Classico acknowledges that Kansas does not recognize the tort of bad faith but tries to shift its argument to assert that United Fire violated the duty of good faith and fair dealing implied in every contract—a point it had noted in its response to the defendants' motion for summary judgment. Classico cites *Howard v. Ferrellgas Partners, L.P.*, No. 10-2555-JTM, 2011 WL 3299689, at *6 (D. Kan. 2011) (unpublished opinion), in support of its argument. Classico is correct that the duty of good faith and fair dealing is inherent in all Kansas contracts, except employment-at-will contracts. See *Waste Connections of Kansas, Inc. v. Ritchie Corp.*, 296 Kan. 943, 965, 298 P.3d 250 (2013). The duty includes not intentionally and purposefully doing anything to prevent the other party from carrying out his or her part of the agreement or doing anything that will have the effect of destroying or injuring the right of the other party to receive the benefits of the contract. *Bank of America. v. Narula*, 46 Kan. App. 2d 142, 170, 261 P.3d 898 (2011).

But there is no separate claim for breach of the duty of good faith and fair dealing; it is merely a legal argument related to a breach-of-contract claim, a claim Classico never made. "[I]n order to prevail on an implied duty of good faith and fair dealing theory under Kansas law, plaintiffs must (1) plead a cause of action for 'breach of contract,' not a separate cause of action for 'breach of duty of good faith,' and (2) point to a term in the contract 'which the defendant[] allegedly violated by failing to abide by the good faith

9

spirit of that term.'" *Wayman v. Amoco Oil Co.*, 923 F. Supp. 1322, 1359 (D. Kan. 1996); see also *Warkentine v. Salina Public Schools, Unified School Dist. No. 305*, 921 F. Supp. 2d 1127, 1134 (D. Kan. 2013); *Howard*, 2011 WL 3299689, at *6. Additionally, in its response to United Fire and Smith's motion for summary judgment, Classico agreed that the issues in the case were violations of the Kansas Uniform Trade Practices Act, tortious conduct in connection with the handling of the claim, and a request for statutory interest and attorney fees. It made no reference to a purported breach-of-contract claim or even a claim asserted as one for breach of the duty of good faith and fair dealing.

*(b) Claims Under the Kansas Uniform Trade Practices Act*

In both the amended petition and the pretrial order, Classico claimed that it was entitled to monetary damages because United Fire had violated certain provisions of the Kansas Uniform Trade Practices Act. See K.S.A. 40-2403 (prohibiting insurance companies from using unfair or deceptive acts or practices); K.S.A. 2015 Supp. 40-2404(9) (describing prohibited unfair claim-settlement practices). Classico urged the district court to find that the insurance provisions created a private right of action, which would allow an individual person to sue for damages under the statute, claiming that doing so would incentivize insurance companies to act fairly in processing claims.

The district court determined that Kansas law does not create a private right of action for violations of K.S.A. 2015 Supp. 40-2404(9) and granted summary judgment for United Fire and Smith on this claim. The court did not err in doing so.

In *Spencer*, the Kansas Supreme Court discussed the provisions of the Kansas Uniform Trade Practices Act and concluded that the insured's possible remedies were (1) to sue under the contract for policy benefits (as well as court costs, interest, and attorney fees in some cases) or (2) to "report the company to the Department of Insurance under the Uniform Trade Practices Act for improper handling of claims . . . . The company's

10

actions are reviewable by the department and punishable if found improper." 227 Kan. at 926. The district court, in this case, relied on *Spencer* to find that Kansas law does not authorize a private right of action: "[T]he court finds that the guidance from the *Spencer* court is too clear to be ignored and that Kansas law does not provide a private right of action for violations of the [Kansas Uniform Trade Practices Act]."

Recently, in *Jahnke v. Blue Cross and Blue Shield of Kansas, Inc.*, 51 Kan. App. 2d 678, 692-96, 353 P.3d 455 (2015), *rev. denied* 303 Kan. 1078 (2016), a panel of this court concluded that the Kansas Uniform Trade Practices Act does not create a private right of action. See also *Earth Scientists (Petro Services) Ltd. v. U.S. Fidelity & Guaranty Co.*, 619 F. Supp. 1465, 1468 (D. Kan. 1985) (concluding there is no private right of action in the Kansas Uniform Trade Practices Act because the statute is clear in vesting all power to enforce the Act in the Commissioner of Insurance). Because there is no right for an individual to sue for violations of the relevant insurance statutes, the district court did not err in granting summary judgment for the defendants.

*(c) Negligent-Misrepresentation Claim*

The district court granted summary judgment on Classico's claim for negligent misrepresentation, concluding that Classico had not presented evidence supporting all of the essential elements of that claim. The court also said that Classico's allegations of negligent misrepresentation by Smith in the pretrial order did not constitute negligent misrepresentations of fact and that Classico had failed to establish that whether it had been damaged by United Fire's alleged negligent misrepresentation was a genuine issue of material fact.

Negligent misrepresentation occurs when a person who has a financial interest in a transaction gives false information to guide another person in that transaction and that other person reasonably relies upon the false information. *Stechschulte v. Jennings*, 297

11

Kan. 2, 22, 298 P.3d 1083 (2013). The person supplying the false information is liable for any damages suffered by the other person if: (1) the person supplying the false information failed to exercise reasonable care or competence in obtaining or communicating the false information; (2) the person who relies upon the information is the person for whose benefit and guidance the information is supplied; and (3) the damages are suffered in a transaction that the person supplying the information intends to influence. *Stechschulte*, 297 Kan. at 22.

In the amended petition and pretrial order, Classico alleged Smith had negligently misrepresented facts by failing to tell it how much time United Fire thought was reasonable for repairing the property and by failing to recommend payment within 30 days of the fire. In its amended petition, Classico had claimed that United Fire had violated insurance statutes by "misrepresenting" the amount of coverage the policy provided. But in the pretrial order, Classico asserted that United Fire had misrepresented the policy's coverage without alleging that this was a violation of the insurance statutes. In granting summary judgment, the district court referred only to the allegations against Smith that were included in the pretrial order and determined those alleged actions did not constitute negligent misrepresentations of fact.

On appeal, Classico argues that its claim that United Fire had misrepresented the policy coverage should be allowed to proceed to trial because United Fire had claimed the policy provided only $10,000 in coverage when it actually provided a maximum of $381,300 in building coverage. United Fire had contended that the policy required it to pay up to $10,000 for improvements to meet building codes. There's nothing in the record to suggest it had ever claimed $10,000 was the maximum policy coverage. But even if we assume that United Fire had made that statement, Classico has provided no proof of how it was hurt by the misrepresentation. According to evidence in the record, United Fire paid out a total of $229,020.97 to Classico for repairs. On appeal, Classico has failed to

12

prove there are any genuine issues of material fact in dispute regarding the negligent-misrepresentation claim. The district court did not err in granting summary judgment.

Classico also argues that the district court abused its discretion by failing to specify which elements of the negligent-misrepresentation claim it believed Classico had failed to establish. The district court has a duty to provide adequate findings of fact and conclusions of law on the record of its decision in contested matters. Supreme Court Rule 165 (2015 Kan. Ct. R. Annot. 257). But a party usually must object to a district court's inadequate findings of fact and conclusions of law to preserve the issue for appeal because this gives the trial court an opportunity to correct the issue. *Fischer v. State*, 296 Kan. 808, 825, 295 P.3d 560 (2013). If the party has not objected, appellate courts presume the trial court found all facts necessary to support the judgment. If the lack of specific findings keeps an appellate court from being able to meaningfully review the case, it can remand for specific findings. *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 361, 277 P.3d 1062 (2012). Remand is not necessary in this case, as it is clear that Classico is not entitled to relief. As one example of Classico's failure to support its negligent-misrepresentation claim, it failed to provide evidence to the district court of justifiable reliance on the misrepresentation claimed in the pretrial order. On appeal, it has not cited to the record to note evidence supporting that element of the claim. The district court properly granted summary judgment on the negligent-misrepresentation claim.

*(d) Claim of Tortious Interference with Business Relations*

In the pretrial order, Classico alleged that Smith had interfered with its business relationship with "the City of Lenexa, and others" and with potential second-floor tenants. At some point during the proceeding, Classico also claimed that Smith had interfered with its relationship with a bank. During the hearing on the summary-judgment motion, Classico changed its legal theory and claimed that Smith had interfered with its

13

business relationship with United Fire by informing the underwriting department of the claim, which resulted in United Fire not renewing the insurance policy. On appeal, Classico asserts that the district court erred by granting summary judgment on its tortious-interference claim because the parties disagreed about facts that were material to this issue.

Tortious interference with a current or future business relationship requires: (1) the existence of a business relationship or expectation of future benefit to the plaintiff; (2) knowledge of the relationship or expectation by the defendant; (3) a reasonable certainty that, except for the conduct of the defendant, plaintiff would have continued the relationship or realized the expectation; (4) intentional misconduct by the defendant; and (5) damages suffered by plaintiff as a direct or proximate result of the defendant's misconduct. *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013); *Byers v. Snyder*, 44 Kan. App. 2d 380, 393-94, 237 P.3d 1258 (2010).

In granting summary judgment on the claim, the court found that Classico had not established evidence that United Fire would have continued the business relationship (that is, renewed the insurance policy) with Classico if not for Smith's conduct. The court also found that Classico had not established that it was damaged by Smith's conduct.

On appeal, Classico asserts that the district court wrongly granted summary judgment because Classico had "*specifically alleged* that the claims handling department and Mr. Smith informed the underwriter for the Defendant United Fire of the claim which resulted in a non-renewal of the policy." (Emphasis added.)

But in opposing a defendant's summary-judgment motion, the plaintiff must establish by affidavits or other facts in the record—not mere allegations—that there is a genuine issue of material fact to resolve at trial. See *Carr v. Vannoster*, 48 Kan. App. 2d 19, 21, 281 P.3d 1136 (2012); *RAMA Operating Co. v. Barker*, 47 Kan. App. 2d 1020,

14

Syl. ¶ 6, 286 P.3d 1138 (2012). Because Classico changed its legal theory at the summary-judgment hearing and did not include a transcript of that hearing, it is impossible for this court to know what, if any, evidence it presented in support of its allegation. The only support in the record seems to be one statement in its response to the motion for summary judgment. Discussing the damages it had suffered in regard to all of its tort claims, Classico asserted that the United Fire underwriting division had been informed of the claim about 2 months before the policy was up for renewal:

> "[United Fire] did not renew the insurance on Classico in March of 2013. This is relevant because Classico could not find insurance coverage in the regular market as the property had significant damage. United Fire's claims division contacted underwriting on January 15, 2013, and provided information about this claim and had knowledge of the renewal date of March 26, 2013. A copy of page 38 of United Fire claim file notes."

Classico did not include the relevant page of notes to support its assertion, nor does it appear elsewhere in the record. Given the lack of supporting record or evidence, the district court properly granted summary judgment on the tortious-interference claim. See *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, Syl. ¶ 3, 294 P.3d 287 (2013) (burden is on the party to provide specific citations to record where facts can be verified, and appellate courts are permitted to presume that a factual statement made without citation to the record has no support).

### (e) Defamation Claim

Before the district court, Classico asserted that Smith had made defamatory statements by falsely telling one of the city's code inspectors that Classico was performing repair work without the proper permits and that someone should be arrested. The district court ruled that Classico's claim failed because Classico had failed to show evidence of harm to its reputation from Smith's allegedly defamatory statements.

15

On appeal, Classico makes no argument in its brief that the district court erred in granting summary judgment on its defamation claim. The only plausible reference to the defamation claim is Classico's contention that the conversation between Smith and Matt Souders, one of the code inspectors, was in dispute and was "central to [Classico's] tort claims." A point raised incidentally in a brief and not argued is deemed abandoned. *Wrinkle v. Norman*, 297 Kan. 420, 426, 301 P.3d 312 (2013). We therefore affirm the district court's grant of summary judgment on the defamation claim.

II. *The District Court Did Not Err When It Concluded That Classico Had Not Made a Breach-of-Contract Claim.*

Even though it never explicitly raised a breach-of-contract claim before the district court granted summary judgment, Classico asserts on appeal that the district court erred in failing to find that it had made an *implied* claim for breach of contract in its amended petition and pretrial order.

Whether a pleading is sufficient to state a cause of action is a question of law, which we review independently, with no required deference to the district court. *Unruh v. Purina Mills, LLC*, 289 Kan. 1185, 1191, 221 P.3d 1130 (2009). As we have discussed, summary judgment is appropriate when all the pleadings and evidence presented to the court prove that the moving party is entitled to judgment as a matter of law. *Keiswetter*, 304 Kan. at 365.

Kansas is a notice-pleading state, meaning that a plaintiff is not initially required to specifically state statutory authority or common-law bases for a lawsuit. *Berry v. National Medical Services, Inc.*, 292 Kan. 917, 918, 257 P.3d 287 (2011); see also *Lumry v. State*, 49 Kan. App. 2d 276, 296, 307 P.3d 232 (2013), *rev. granted* 299 Kan. 1270 (2014). Rather, under the Kansas Rules of Civil Procedures, a petition need only contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief

16

and (2) a demand for the relief sought. K.S.A. 2015 Supp. 60-208(a). The purpose of the petition is to give notice of the substance of the plaintiff's claims; it is not intended to govern the entire course of the case because a plaintiff's theories may change as the parties gather evidence. See *Unruh*, 289 Kan. at 1191; *Montoy v. State*, 275 Kan. 145, 148-49, 62 P.3d 228 (2003). In other words, at least initially, a plaintiff is not required to plead precise causes of action so long as the petition outlines the nature of the claims and informs the opposing party of the facts that entitle the plaintiff to relief. *Fowler v. Criticare Home Health Services, Inc.*, 27 Kan. App. 2d 869, 874, 10 P.3d 8 (2000) (citing *Oller v. Kincheloe's Inc.*, 235 Kan. 440, 447-50, 681 P.2d 630 [1984]), *aff'd* 271 Kan. 715, 26 P.3d 69 (2001). The ultimate legal issues and theories of the case are generally recorded in the pretrial order after the parties have finished gathering evidence. *Nungesser v. Bryant*, 283 Kan. 550, 559, 153 P.3d 1277 (2007). The pretrial order controls what issues may be addressed and what evidence may be presented at trial unless the court modifies it to prevent manifest injustice. See K.S.A. 2015 Supp. 60-216(e).

Classico concedes that it never explicitly used the phrase "breach of contract" in its petition and that the phrase didn't appear in the final pretrial order, either. Even so, Classico contends that since it claimed United Fire had failed to satisfy its obligations under the insurance contract and failed to adequately settle Classico's insurance claims as part of its bad-faith claim, the district court should have also considered Classico to have raised a breach-of-contract claim.

Classico notes that the district court had, "numerous times, mentioned that [Classico's] pleading could have 'provided a basis for breach of contract.'" Classico does not cite to the record for its assertion, but the district court did allude to such a statement at one hearing for which we have a transcript. But it seems clear to us that Classico made a strategic choice to pursue a bad-faith claim—in which it would have emphasized to the jury United Fire's failure to pay the amounts due—rather than a breach-of-contract claim. Had there been a separate breach-of-contract claim, it would have been the only one to

17

proceed to trial. At that trial, Classico would have received judgment for any further amount it was owed under the insurance contract. That would have occurred before the case could go to the Kansas Supreme Court to see whether it would change the law on bad faith; so if our Supreme Court did change Kansas law and send the case back for trial on the bad-faith claim, Classico would have received the judgment for the sums due under the insurance contract long before it got the chance to present its bad-faith argument to a jury. Perhaps Classico felt that making a breach-of-contract claim would prevent it from testing the law on bad faith or lessen that claim's strength. Whatever the rationale, though, Classico never suggested it was making a breach-of-contract claim until summary judgment had already been granted on the claims it did make.

In its brief, in support of the argument that the district court should have let it amend the pleadings after summary judgment to bring the breach-of-contract claim, Classico cites *Meyer Land & Cattle Co. v. Lincoln County Conservation Dist.*, 29 Kan. App. 2d 746, 31 P.3d 970 (2001), and *Bank of Blue Valley v. Duggan Homes*, 48 Kan. App. 2d 828, 303 P.3d 1272 (2013). Classico cites *Meyer Land & Cattle* to assert that an appellate court should not dismiss a pleading if a cause of action, either mentioned explicitly or implied, is present in the allegations of the pleading. But Classico fails to recognize that the case addresses a motion to dismiss for failure to state a claim, which has a different standard of review from motions for summary judgment. In considering motions to dismiss, a court will not dismiss a petition unless, after reviewing the petition in the light most favorable to the plaintiff, the court concludes that the plaintiff can prove no set of facts under *any possible theory*—not just those the plaintiff has raised—that would entitle the plaintiff to relief. *State ex rel. Slusher v. City of Leavenworth*, 279 Kan. 789, 790, 112 P.3d 131 (2005). The case does not stand for the proposition that a court must consider claims not raised by the plaintiff in the pretrial order.

The *Bank of Blue Valley* case does not support Classico's argument, either. In it, our court determined that the district court could not infer a claim when the party made

18

no reference to or assertion of that type of claim in any of its pleadings. *Bank of Blue Valley*, 48 Kan. App. 2d at 834-35. In that case, no pretrial order had been filed, so the petition controlled the scope of the lawsuit. The court concluded that the district court could not hear issues that had not been raised by the pleadings or defined at a pretrial conference unless the parties consented to the new issues. 48 Kan. App. 2d at 834-35.

Here, a pretrial order controlled the issues that could be raised at trial. K.S.A. 2015 Supp. 60-216(d) and (e). The district court was not required to infer causes of action that the plaintiff did not raise on its own behalf. Classico acknowledges that the phrase "breach of contract" was never used in the pleadings or the final pretrial order. Classico had many opportunities to raise an explicit breach-of-contract claim and chose not to do so. While the district court acknowledged that many of Classico's claims could have supported a breach-of-contract claim, the court also recognized that Classico had failed to plead that claim. The district court properly declined to infer a breach-of-contract claim and properly granted summary judgment.

III. *The District Court Did Not Err when It Denied Classico's Motion to Amend the Pretrial Order.*

Classico also argues that the district court abused its discretion in denying Classico's motion to amend the pretrial order because United Fire and Smith would not have been prejudiced by adding a breach-of-contract claim to the order. It also argues that the district court's refusal to amend the pretrial order constituted manifest injustice. In response, United Fire argues that the district court properly denied the motion to amend the pretrial order because Classico had failed to establish that amending the pretrial order was necessary to prevent manifest injustice.

The central purpose of the pretrial order is "'to eliminate the element of surprise from trials and to simplify the issues and procedure by full disclosure to all parties of the

19

anticipated evidence, and factual and legal issues, and to consider "[s]uch other matters as may aid in the disposition of the action." [Citation omitted.]'" *McCain Foods USA, Inc. v. Central Processors, Inc.*, 275 Kan. 1, 18, 61 P.3d 68 (2002). Under K.S.A. 2015 Supp. 60-216(d) and (e), the pretrial order controls the issues and evidence that may be raised at trial unless the court modifies it to prevent manifest injustice. Therefore, a trial court should not generally entertain an issue or claim that is omitted from the pretrial order. *Bussman*, 298 Kan. at 708.

On appeal, we review the district court's denial of Classico's motion to amend the pretrial order for an abuse of discretion. *Norton Farms, Inc. v. Anadarko Petroleum Corp.*, 32 Kan. App. 2d 899, 902, 91 P.3d 1239 (2004). A district court abuses its discretion when its decision is based on an error of law or fact or when no reasonable person would take the view adopted by the court. *State v. Seacat*, 303 Kan. 622, 634-35, 366 P.3d 208 (2016). In exercising its discretion, the district court should have "proper regard for what is just and fair under the existing circumstances, and [should] not act in an arbitrary fashion or unreasonable manner." *Norton Farms*, 32 Kan. App. 2d at 902.

Classico first asserts that the district court abused its discretion because none of the facts in the case would have changed by adding the breach-of-contract claim and no additional evidence would have been needed. But the trial court determined that if it allowed the amendment just 3 weeks before trial, the parties would have to determine which of the multiple alleged violations of the insurance statutes constituted breaches of contract. The court reasoned that it would then have to reopen the evidence-gathering phase of the lawsuit because "whether or not there were breaches would certainly be something to investigate and take discovery on from a different point of view, to a certain extent, than whether they constituted an unfair settlement practice." United Fire could reasonably have foregone discovery on many factual disputes on the basis that Kansas law clearly precluded a bad-faith claim, while it might have chosen to take discovery on those same factual matters had a breach-of-contract action been pending. The district

court did not abuse its discretion in concluding that amending the pretrial order would require additional time and evidence.

Classico next asserts that the district court abused its discretion because the denial created a manifest injustice. In particular, Classico asserts that the refusal to amend the pretrial order resulted in a complete dismissal of its case, whereas if the court had allowed the amendment, the case could have proceeded to trial based on facts already known by United Fire and Smith. Classico maintains that "because there was no prejudice to the Defendants, it was obviously unfair to not allow [Classico] to amend [the] pretrial order."

The party seeking to amend the pretrial order has the burden to show manifest injustice. *Butler v. HCA Health Svcs. of Kansas, Inc.*, 27 Kan. App. 2d 403, 418, 6 P.3d 871 (1999). Manifest injustice is more difficult to establish when a party seeks to amend the pretrial order to add or change the claims or the parties. See *In re Marriage of Merz*, No. 96,042, 2007 WL 656420, at *4 (Kan. App. 2007) (unpublished opinion). In *Butler*, for example, our court upheld the district court's denial of the plaintiff's motion to amend the pretrial order to add new parties, noting that the parties had already completed extensive evidence-gathering and that adding new parties would require starting the case all over. *Butler*, 27 Kan. App. 2d at 418. In *Brown v. United Methodist Homes for the Aged*, 249 Kan. 124, 141-43, 815 P.2d 72 (1991), the Kansas Supreme Court concluded that the district court did not abuse its discretion in denying the defendant's motion to amend the pretrial order to add a new claim when the motion was filed the afternoon before trial was scheduled to begin. The court rejected the defendant's assertion that the plaintiff had notice of the claim and, therefore, wasn't prejudiced, noting that the defendant had waited to raise its claims just before trial. 249 Kan. at 143.

Here, the district court properly concluded that Classico had not shown manifest injustice. In particular, the court noted that Classico had had extensive opportunities to

21

present its claim for breach of contract and had failed to do so. The court said, "Balance that over against the unfairness—and both sides are entitled to be treated fairly—the unfairness of requiring the defendant to reconsider its defenses and re-investigate and rediscover with respect to those." Classico waited to raise its breach-of-contract claim until shortly before trial. Amending the claims at such a late date would have required gathering more evidence and preparing new arguments and responses. Classico has failed to show manifest injustice. The district court did not err in denying the motion to amend the pretrial order.

The district court's judgment is affirmed.